UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

Chad JOHNSON, and
Rebecca JOHNSON                                                           PLAINTIFFS

v.                                            CIVIL ACTION NO. 3:18-CV-150-CRS

BRANCH BANKING AND TRUST CO., et al.                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

### I. Introduction

This case is before the Court on Defendant Branch Banking and Trust Company's (BB&T) motion to dismiss Plaintiffs Chad and Rebecca Johnson's complaint. DN 17. The Johnsons' complaint includes claims of negligence, defamation, and violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. DN 1, p. 2–3. Specifically, the Johnsons allege that: BB&T falsely reported a delinquent debt to the three major consumer reporting agencies (CRAs): Equifax Information Services, LLC, Trans Union, LLC, and Experian Information Solutions, Inc. *Id.* The Johnsons also name the CRAs as Defendants and allege that they failed to investigate and correct BB&T's credit reporting. *Id*. On May 18, 2018, BB&T moved to dismiss the complaint for failure to state a claim. DN 17. Since then, the state law claims, along with Defendants Equifax and Trans Union, have been dismissed. DN 21, 22, 28. The Johnsons filed a response on June 22, 2018, which was amended with leave of the Court on July 13, 2018. DNs 23, 26, 30. BB&T replied on July 16, 2018. DN 27. This matter is now ripe for review. For the reasons set forth below, BB&T's motion to dismiss will be denied.

## II. Factual Background

The Johnsons opened a credit card account with BB&T in April 2011. DN 26, p. 3. In April 2014, following non-payment, BB&T charged off the Johnsons' credit card debt in the amount of $17,975.20. DN 17, p. 2; DN 26, p. 3. BB&T then issued a Form 1099-C to the Johnsons and filed the form with the Internal Revenue Service (IRS).[1] *Id.* The Johnsons claim this notice, with the heading "Cancellation of Debt," discharged their debt. DN 26, p. 3–4. They further allege that they paid income tax on the cancelled debt and that BB&T has not attempted to collect on the debt since the issuance of the Form 1099-C. DN 26, p. 4. In January 2018, the Johnsons accessed their credit reports and discovered that BB&T was still reporting the debt to the CRAs. DN 26, p. 4; DN 17, p. 2. This action followed.

## III. Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

---

[1] In pertinent part, the Form 1099-C states:
"You received this form because a Federal Government agency or an applicable financial entity (a creditor) has discharged (canceled or forgiven) a debt you owed, or because an identifiable event has occurred that either is or is deemed to be a discharge of a debt of $600 or more. If a creditor has discharged a debt you owed, you are required to include the discharged amount in your income, even if it is less than $600[.] . . . If an identifiable event has occurred but the debt has not actually been discharged, then include any discharged debt in your income in the year that it is actually discharged, unless an exception or exclusion applies to you in that year."
DN 17, Exs. B, C; DN 23, Ex. 1.

2

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). "The defendant has the burden of showing that the plaintiff has failed to state a claim for relief[.]" *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015).

IV. Discussion

The disagreement between the parties boils down to determining the legal significance of the filing of a Form 1099-C by BB&T. BB&T argues that the "Johnsons' debt was not discharged or extinguished, and mere issuance of a Form 1099-C does not establish as much." DN 17, p. 1. The Johnsons, however, argue that a 1099-C can serve as *prima facie* evidence of the discharge of a debt and that discovery will permit them to prove it. DN 26, p. 10–12, 14. BB&T counters that the Johnsons are not entitled to discovery and urge that the Court dismiss based solely on the legal significance of the 1099-C. DN 27, p. 5–6.

The disagreement between the parties extends to the courts. Most have held that, absent other evidence, the issuance of a Form 1099-C does not automatically discharge a debt. *See e.g. FDIC v. Cashion*, 720 F.3d 169, 176–81 (4th Cir. 2013); *Cadle v. Neubauer*, 562 F.3d 369, 374 (5th Cir. 2009); *Wells Fargo Advisors, LLC v. Mercer*, 735 F. App'x 23 (7th Cir. 2018). A small minority of courts have disagreed and found that the issuance of a Form 1099-C alone does cancel a debt. *See In re Reed*, 492 B.R. 261, 268 (Bankr. E.D. Tenn. 2013); *In re Crosby*, 261 B.R. 470, 476–77 (Bankr. D. Kan. 2001); *In re Welsh*, 06-10831-ELF, 2006 WL 3859233, at *2 (Bankr. E.D. Pa. Oct. 27, 2006). The minority have generally found that "because filing a Form 1099-C has legal significance to the debtor's income tax liability, and because the debtor faces penalties or fines for failing to comply with the obligations imposed, it would be inequitable to

permit a creditor to collect the debt after having received the benefit of the 'charge-off' of the debt from filing the Form 1099-C." *See Cashion*, 720 F.3d at 178.

The applicable IRS regulation states:

> any applicable entity . . . that discharges an indebtedness of any person . . . must file an information return on Form 1099-C with the Internal Revenue Service. *Solely for purposes of the reporting requirements of [this section], a discharge of indebtedness is deemed to have occurred* . . . if and only if there has occurred an identifiable event described in paragraph (b)(2) of this section, *whether or not an actual discharge of indebtedness has occurred* on or before the date on which the identifiable event has occurred.

26 C.F.R. § 1.6050P-1(a) (emphasis added). Under the plain language of the regulation, a creditor may be obligated to file a Form 1099-C even though an actual discharge of the debt has not occurred.

Further, in explaining the regulation's application, the IRS released a series of informal Information Letters. *See* IRS INFO 2005-0207, 2005 WL 3561135 (Oct. 7, 2005); IRS INFO 2005-0208, 2005 WL 3561136 (Oct. 7, 2005). The first letter notes that the IRS "does not view a Form 1099-C as an admission by the creditor that it has discharged the debt and can no longer pursue collection." The second adds that "Section 6050P and the regulations do not prohibit collection activity after a creditor reports by filing a Form 1099-C." The letters both note that they are "intended for informational purposes only and does not constitute a ruling."

Such informal interpretations, while not entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), are "entitled to respect" under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), but only to the extent that those interpretations have the "power to persuade." *Christensen v. Harris Cty.*, 529 U.S. 576, 587 (2000). Many of the courts who have undertaken such an analysis have found them entitled to *Skidmore* deference. *See e.g. Cashion*, 720 F.3d at 179. However, even that is not uniform. *See e.g. Reed*, 492 B.R. at 270.

The question has even been presented to this Court before. *Baker v. American Fin. Servs., Inc.*, 3:16-CV-00065-GNS, 2016 U.S. Dist. LEXIS 97040 (W.D. Ky. July 25, 2016). There, the Court noted the two different views regarding the legal effect of a Form 1099-C but found it "unnecessary to adopt either view in [that] case." *Id.* at *6. Instead, the Court found that "an admission by the creditor *within* the Form 1099-C plausibly indicates discharge even if the mere filing of the form does not." *Id*. at 7 (italics in original). The parties disagree on the precedential value or persuasiveness of *Baker*. The Johnsons argue that *Baker* is on point, as it was "decided in favor of plaintiff on the same issues under virtually the same set of facts presented in this case." DN 26, p. 2. BB&T, on the other hand, argues that *Baker* was based on a "judicial misstatement."[2] DN 27, p. 4.

Ultimately, *Baker* hinged on its procedural posture. There, we held that a Form 1099-C indicating the cancellation of a debt was sufficient evidence to survive a motion to dismiss. *Baker*, 2016 U.S. Dist. LEXIS 97040, at *7. Since the Court considered only whether the claim was plausible, it was not weighing the evidence. As a result, the Court noted that "[d]iscovery may ultimately prove discharge did not in fact occur, but at this stage the Court finds Plaintiff's allegation of discharge is plausible." *Id.*

The same reasoning justifies the outcome in *Cashion*, which was decided on summary judgment, rather than a motion to dismiss, and only after the plaintiff had an opportunity to conduct discovery and put on evidence. 720 F.3d at 180. The plaintiff in that case was simply unable to produce any other evidence to demonstrate that the Form 1099-C was meant as a cancellation of his debt. *Id.* In its holding, *Cashion* noted that:

> In so holding, we are careful to note the specific circumstances of this case and the narrowness of our holding. The case at bar is likely an oddity, where the 1099-C

---

[2] It does appear that in *Baker*, the Court erroneously conflated 26 C.F.R. § 1.6050P-1(b)(2)(F) and 26 C.F.R. § 1.6050P-1(b)(2)(G). 2016 U.S. Dist. LEXIS 97040, at *7. This does not impact its reasoning or holding.

> Form is the only evidence of debt discharge before the Court. This is not a situation where the evidentiary value of a Form 1099-C is considered in conjunction with other competent evidence regarding the circumstances surrounding its filing. *In another case, where a properly authenticated Form 1099-C is introduced into evidence along with other circumstantial evidence of cancellation of the debt, the Form 1099-C could be properly considered by the trier of fact under the totality of the circumstances on the ultimate issue of whether the debt in question was, in fact, cancelled.* But here, because Cashion has not come forward with evidence that creates a genuine issue of material fact as to whether the Note has been cancelled or assigned, the district court did not err in granting the FDIC's motion for summary judgment.

*Id.* at 181 (emphasis added). *See also Cadle*, 562 F.3d at 374 ("[w]hile [the issuance of a Form 1099-C is not dispositive . . . Cadle has produced no evidence rebutting the implication that the debt was cancelled at this time.")

Ultimately, BB&T concludes that "[b]ecause issuance of a Form 1099-C itself is not proof of debt discharge, the Johnsons have failed to state a claim." DN 27, p. 3. It is both correct and incorrect. Issuance of a Form 1099-C, standing alone, does not prove that the debt was discharged. *Cashion*, 720 F.3d at 181; *Baker*, 2016 U.S. Dist. LEXIS, at * 7. However, to survive a motion to dismiss, the Johnsons do not need to *prove* anything. They must only "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Discovery may ultimately reveal that the Johnsons do not have a claim. However, this is not the time for that determination.

V. Conclusion

The complaint filed by the Johnsons states a claim to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Therefore, the Court, being sufficiently advised, **DENIES** BB&T's motion to dismiss.

**IT IS SO ORDERED.**  September 18, 2018

Charles R. Simpson III, Senior Judge
United States District Court

6